UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
AMERICAN EMPIRE SURPLUS LINES       :
INSURANCE COMPANY,                  :
                                    :
                         Plaintiff,  :       **REPORT AND**
                                    :       **RECOMMENDATION**
            -against-           :
                                    :       18-CV-07033 (RJD) (PK)
                                    :
BARCA RESTORATION CORP.,            :
                                    :
                         Defendant.  :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

      American Empire Surplus Lines Insurance Company ("American Empire" or "Plaintiff") brings this action against Barca Restoration Corp. ("Barca" or "Defendant"), seeking damages for an unpaid premium under a commercial general liability insurance policy, and a declaration by the Court that American Empire has no obligation to defend and/or indemnify Barca under the policy. Before the Court on referral from the Honorable Raymond J. Dearie is American Empire's Motion for Default Judgment (the "Motion"). (Dkt. 24.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted in part and denied in part.

**FACTUAL BACKGROUND**

      The following facts are taken from the Complaint (Dkt. 1), unless otherwise stated, and are accepted as true for purposes of the Motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

      On March 22, 2017, American Empire issued a commercial general liability insurance policy to Barca, up to a general aggregate limit of $5 million, for the period March 20, 2017 to March 20, 2018. (Ex. 1 to T. Matthew Held Affidavit in Support of the Motion ("Held Aff."), Commercial General Liability Policy (the "Policy"), Dkt. 26-9; Compl. ¶ 6.) The premium for the Policy was based on a percentage of Barca's gross receipts during the policy period, calculated at a rate of $260

1

per $1000 of gross receipts. (Policy, at Classification & Rate Schedule; Compl. ¶ 7.) Based on an estimate of Barca's gross receipts at the beginning of the coverage period, Defendant was assessed an "Advance Premium" of $195,000, based on estimated gross receipts of $750,000. (Policy, at Classification & Rate Schedule; Compl. ¶ 8.) This amount was subject to adjustment if an audit performed by Plaintiff at the end of the period (the "Premium Audit") revealed gross receipts higher than the estimate. (Compl. ¶¶ 8, 9; Policy, Sec. IV(5)(b).) Barca was required to keep records of the information needed for Plaintiff to compute the full premium and to provide copies upon request. (Policy, Sec. IV(5)(c).)

An audit performed on May 29, 2018 revealed that Barca had actual gross receipts of $1,332,620, resulting in an adjusted premium of $346,481. (Compl. ¶ 13; Ex. 2 to Held Aff., Audit Endorsement ("Audit Endorsement"), Dkt. 26-10.) Thus, Barca owed an additional premium in the amount of $151,481. (Compl. ¶¶ 13-15; Audit Endorsement.) In a letter dated November 15, 2018, American Empire demanded payment for the additional premium. (Compl. ¶ 17.) Barca has yet to pay this outstanding balance. (*Id.* at ¶ 15.)

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action on December 11, 2018 and served it on Defendant via the New York Secretary of State on December 18, 2018 (Affidavit of Service, Dkt. 7) Defendant filed an Answer on January 8, 2019. (Dkt. 10.)

Defendant was originally represented by counsel. On March 8, 2019, however, its counsel filed a motion to withdraw. (Motion to Withdraw as Attorney, Dkt. 16.) In his affidavit, counsel described several unsuccessful attempts to contact his client. (Affidavit in Support of Motion by Law Office of Todd Wengrovsky, PLLC. to Withdraw from Representation of Defendant, Dkt. 17.) In a subsequent submission to the Court dated March 20, 2019, Defendant's counsel listed further unsuccessful attempts to contact Barca, including telephone calls and emails to Jose Sanchez, Barca's

2

Chief Executive Officer. (Letter Re. Motion to Withdraw, Dkt. 19; *see also* Ex. F to Declaration of Maureen O'Connor in Support of the Motion ("O'Connor Decl."), New York Department of State Division of Corporations Entity Information, Dkt. 26-7.) On March 22, 2019, the Court granted counsel's motion to withdraw and set April 22, 2019 as the deadline for Defendant to obtain new counsel. (Order dated March 22, 2019.) No new counsel has appeared for Barca, and no representative has appeared to request more time to retain counsel.[1]

The Clerk of the Court entered a Certificate of Default on April 26, 2019. (Dkt. 23.) Plaintiff filed the Motion on May 1, 2019, which it supplemented on December 11, 2019. (Dkt. 27.) On December 11, 2019, it served Defendant with the supplemented Motion. (Affidavit of Service, Dkt. 28.)

## DISCUSSION

### I.   Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the procedure that applies in cases where there is a default during the course of litigation. *See* Fed. R. Civ. P. 55; *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). It provides "a 'two-step process' for the entry of judgment against a party who fails to defend." *Mickalis*, 645 F.3d at 128; *see also GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default. Fed. R. Civ. P. 55(a). Then, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Failure to answer may constitute a default, but so may failure to defend at later stages of litigation. Here, Defendant initially appeared through counsel, who filed an Answer, but when

---

[1] On April 10, 2019, the Court received a letter from Maria Sanchez, wife of Jose Sanchez, stating that her husband had died on February 16, 2019. (Letter from Maria Sanchez, Dkt. 20.)

3

counsel withdrew because he no longer had contact with his client, Defendant failed to appear either through counsel or by requesting more time to obtain counsel. As a corporation, Barca may appear in federal court only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). By failing to appear, with or without counsel, Defendant has defaulted.

"A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true." *United States v. Myers,* 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017) (citations omitted). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co.*, 696 F. Supp. 2d at 208. The Court must ensure that (1) jurisdictional requirements are satisfied, *see Mickalis*, 645 F.3d at 114, 125-27, 133; (2) Plaintiff took all the required procedural steps in moving for default judgment, Local Civ. R. 55.2(c); and (3) Plaintiff's allegations, when accepted as true, establish liability as a matter of law. *Finkel*, 577 F.3d at 84 (2d Cir. 2009). The court exercises significant discretion in deciding whether to grant a default judgment, including whether the grounds for default are clearly established and the amount of damages. *See GuideOne Specialty Mut. Ins. Co.*, 696 F. Supp. 2d at 208; *see also Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *4 (E.D.N.Y. Sept. 23, 2011), *R&R adopted,* 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012); *Mickalis*, 645 F.3d at 129. When determining liability, the Court accepts as true all well-pleaded allegations in the Complaint, drawing all reasonable inferences in favor of Plaintiffs. *See Au Bon Pain Corp v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Finkel*, 577 F.3d at 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

## II. Jurisdictional and Procedural Requirements

a. <u>Jurisdiction</u>

The court from which default judgment is sought must assure itself that it has subject matter jurisdiction over the action. *See Mickalis*, 645 F.3d at 125-26; *see also Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010). The court may also inquire as to whether it has personal jurisdiction. *See Mickalis*, 645 F.3d at 133; *see Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).

Plaintiff asserts federal diversity jurisdiction based on 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000. (Compl. ¶ 3.) *See* 28 U.S.C. § 1332(a)(1). American Empire is a corporation existing under the laws of Delaware with a principal place of business in Ohio (Compl. ¶ 1), while Barca is a corporation organized—and with a principal place of business—in New York. (Compl. ¶ 2.) Therefore, there is complete diversity of citizenship. Plaintiff seeks a money judgment against Barca in the amount of $151,481, plus interest and attorneys' fees, for the unpaid premium on the Policy. (*Id.* ¶ 19.) The amount in controversy, thus, exceeds the monetary threshold for diversity jurisdiction.

Because Defendant is a New York corporation with its principal place of business within the Eastern District of New York, this Court has personal jurisdiction over it. (*Id.* ¶ 2.) *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.") (alteration in original).

b. <u>Service</u>

The Summons and Complaint must be properly served on the defaulting party. *See Advanced Capital Commercial Group, Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013). Plaintiff has shown that it properly served the Summons and Complaint

5

on Defendant pursuant to § 306 of the New York Business Corporation Law. (Affidavit of Service, Dkt. 7.)

        c. Procedural Requirements

Plaintiff has demonstrated that it took the required procedural steps to provide proper notice to Defendant. It requested a Certificate of Default (which was entered by the Clerk of the Court), and it notified Defendant of the status of this action by mailing Defendant the Motion papers (Dkts. 23, 24, 28.)

**III.    Liability**

        a. Unpaid Premium

Plaintiff alleges that Defendant owes an unpaid premium pursuant to an insurance policy. "Insurance policies are contracts and are therefore interpreted according to the rules of contract interpretation." *See Frazer Exton Dev., L.P. v. Kemper Env., Ltd.*, 153 F.App'x. 31, 32 (2d Cir. 2005). An action for an unpaid insurance premium is analyzed as a breach of contract. *See Am. Empire Surplus Lines Ins. Co. v. EM & EM Chimney & Masonry Repair, Inc*, No. 16-CV-1541 (ADS)(AYS), 2017 WL 4118390 at *3 (E.D.N.Y. Aug. 30, 2017). "To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).

Here, there was a contract. American Empire submitted a certified copy of the Policy, including the Commercial General Liability Declarations ("Liability Declarations") listing Barca as the "Named Insured" and agreeing "to provide the insurance as stated in this policy" upon payment of the premium. (Ex. 2 to Declaration of Maureen E. O'Connor in Support of the Motion, filed 2/24/2020 ("O'Connor Decl. 2/24/2020"), Dkt. 29-2.) According to the terms of the Policy,

Defendant agreed to pay the premium amount, and in return, Plaintiff agreed to provide coverage during the year the Policy was in effect, up to a general aggregate limit of $5 million. (Compl. ¶ 7; Liability Declarations.) Plaintiff appears to have provided coverage during the policy period, thereby performing on the contract. Defendant failed to perform by not paying the full premium due, and Plaintiff has been damaged by this failure to pay.

The Policy clearly states that the premium was to be paid as an Advance Premium, based on estimated gross receipts, plus an amount to be determined through a subsequent audit of the actual gross receipts. (Policy, Sec. IV.) Barca itself was aware of the audit related to the premium, having supplied the documents necessary to complete the audit. (Supplemental Memo of Law in Support of the Motion ("Supp. Memo of Law"), Dkt. 27 at 2.)

In matters pertaining to unpaid premiums on commercial insurance policies based on a premium audit, New York courts have found the submission of the insurance policy, the audit statement, and an affidavit from a representative of the insurance company as to the additional amount owed to be sufficient to constitute a *prima facie* case. *Evanston Ins. Co. v. Po Wing Hong Food Mkt., Inc.*, 800 N.Y.S.2d 396 (1st Dep't 2005).

American Empire has submitted the Policy, the affidavit of T. Matthew Held, a Divisional Senior Vice President of a lead insurer in a pool in which American Empire participates (Held Aff.), and the Audit Endorsement showing the adjusted premium for the covered period. Defendant has failed to defend, and, therefore, Plaintiff's *prima facie* case remains unrebutted.

Accordingly, the undersigned finds that Barca owes an unpaid premium in the amount of $151,481 to American Empire and respectfully recommends that judgment in this amount be entered.

      b.  <u>Declaratory Judgment</u>

American Empire also seeks a judgment in this action pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that "in the event Barca does not satisfy the money judgment within a certain period of time, then American Empire has no duty to defend and/or indemnify Barca" under the Policy. (Compl. ¶ 3; Supp. Memo of Law at 7.)

A declaratory judgment is available in federal court "to resolve a 'real question of conflicting legal interests.'" *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (citations omitted). The Declaratory Judgment Act requires that there be a "case of actual controversy" in order for a court to declare legal rights and other legal relations. 28 U.S.C. § 2201 (a). "'A justiciable controversy' may not be 'hypothetical or abstract' in nature, but rather must be 'a real and substantial controversy….'" *FSP, Inc. v. Societe Generale*, No. 02-CV-4786 (GBD), 2003 WL 124515, at *4-5 (S.D.N.Y. Jan. 14, 2003), *aff'd and remanded*, 350 F.3d 27 (2d Cir. 2003), and *adhered to on reconsideration*, 2005 WL 475986 (S.D.N.Y. Feb. 28, 2005).

The Second Circuit has recognized that litigation over insurance coverage "has become the paradigm for asserting jurisdiction despite 'future contingencies that will determine whether a controversy ever actually becomes real.'" *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d at 35 (citations omitted). "That ... liability may be contingent does not necessarily defeat jurisdiction." *Id.* Rather, courts should focus on "the practical likelihood that the contingencies will occur." *Id.*

Plaintiff does not show a practical likelihood that the contingency of being called upon to defend or indemnify Defendant under the Policy will occur. *See FSP, Inc. v. Societe Generale*, 2003 WL 124515, at *4. It has not alleged that any liability has been imposed on American Empire. *See EM & EM* 2017 WL 4118390 at *4. It has not alleged that any claim has been made under the Policy, or that there is any pending action which might trigger its duties to defend and indemnify. *See Id.* Indeed, it has not even alleged that any incident has occurred out of which a claim might arise. *See*

8

*Id.* On top of all these non-materialized scenarios, Plaintiff adds another: it seeks a declaration only in the event that Defendant does not pay the outstanding premium amount within some period of time. In the absence of any of these occurrences, "Plaintiff's expectation of future actions is speculative, and does not give rise to an actual controversy." *FSP, Inc. v. Societe Generale*, 2003 WL 124515 at *5.

Accordingly, the undersigned respectfully recommends that this request be denied without prejudice.

### IV.   Additional Relief Sought

#### a.   Interest

American Empire seeks interest on the unpaid premium. (Compl. ¶ 19.) Pre-judgment interest is recoverable under New York law "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a). Pre-judgment interest is awarded in New York at a rate of nine percent per annum. N.Y. C.P.L.R. § 5004. Interest is computed from the "earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). A cause of action accrues upon breach of the contract. *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007).

American Empire has not provided a specific date on which the Policy was breached. Courts in this District, however, have relied upon the date that an outstanding premium was demanded. *See EM & EM*, 2017 WL 4118390 at *4. In this case, American Empire sent a demand letter to Barca on November 15, 2018. (Compl. ¶ 17.) Therefore, the undersigned respectfully recommends that American Empire be awarded prejudgment interest at the rate of nine percent per annum from November 15, 2018 until the date of judgment.

#### b.   Attorneys' Fees and Costs

American Empire seeks attorneys' fees and costs in the amount of $23,423.00. (Ex. 1 to O'Connor Decl. 2/24/2020, Invoice Recap ("Invoice Recap"), Dkt. 29-1.) A prevailing party is

9

generally not entitled to recover attorneys' fees under New York law. *See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 110 (2d Cir. 2004). Here, American Empire has provided no exception to this general rule. *See Mighty Midgets, Inc. v. Centennial Ins. Co.*, 389 N.E.2d 1080, 1085 (1979). Furthermore, it does not point to any provision in the Policy that awards it attorneys' fees if it prevails in litigation to enforce the contract. *Cf. NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (clear contract provision for reasonable attorneys' fees in action to enforce contract enforceable under New York law).

Costs, however, are recoverable. *See Cont'l Cas. Co. v. Contest Promotions NY, LLC,* No. 15-CV-501 (MKB), 2016 WL 1255726, at *7 (E.D.N.Y. Mar. 28, 2016); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.") American Empire has submitted invoices showing a total of $591.96 in expenses billed in this case, comprised entirely of photocopy expenses. (Invoice Recap at 1/13/2020 Receipt Date.) Accordingly, the undersigned respectfully recommends that American Empire be awarded costs in the amount of $591.96.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that the Motion for Default Judgment be granted as follows: that the Court award American Empire $151,481, plus interest at the rate of nine percent per annum from November 15, 2018 until the date of judgment and costs in the amount of $591.96. The undersigned respectfully recommends that the Court deny American Empire's request for declaratory judgment and deny its request for attorneys' fees.

Plaintiff is directed to serve this Report and Recommendation on Barca forthwith and file proof of service on the docket by March 9, 2020.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any just

objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 4, 2020